## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| JAMES A. WILLIAMS, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Case No. BPG-13-1850 |
| | * | |
| LAZER SPOT, INC., | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties (ECF Nos. 24, 25), pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 22.)  Currently pending is defendant's Motion for Summary Judgment ("Motion") (ECF No. 41), plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 43), and defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 46).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons discussed herein, defendant's Motion for Summary Judgment (ECF No. 41) is GRANTED.

### I.  Background

The following is a summary of the evidence in this case, viewed in the light most favorable to the plaintiff.  In November 2011, plaintiff James A. Williams ("plaintiff"),[1] age sixty-eight, applied for a yard jockey position with defendant Lazer Spot, Inc. ("defendant"). (Supp. to Compl., ECF No. 4 at 2; ECF No. 43 at 3.)  Defendant is a commercial motor carrier

---

[1] Although plaintiff was represented by counsel when the instant Motion was briefed, plaintiff is now proceeding pro se.  (ECF No. 53.)

that serves Baltimore customers through shuttle services and trailer loading and unloading.  (ECF No. 41-1 at 1.)

Plaintiff heard about defendant's available yard jockey position from a member of his church who suggested that plaintiff call her son, defendant's employee Anthony Hudson ("Hudson").  (Pl.'s Depo., ECF No. 41-4 at 59:1-60:7.)  Plaintiff stated that he spoke with Hudson, who told plaintiff that he would mail plaintiff an application.  (Id. at 60:17-19.) Plaintiff then mailed his completed application back to Hudson (Id. at 61:4-14), addressing the application to Lazer Spot at Holabird business park in Baltimore.  (Id. at 62:18-63:2.)  When Hudson subsequently told plaintiff he did not receive plaintiff's application, plaintiff called defendant's Georgia office and spoke with Laura Hauser Simon ("Hauser Simon") in defendant's Human Resources department.  (Id. at 62:15-65:12.)  Thereafter, plaintiff mailed or faxed a second application, which Hauser Simon told him had been received by defendant.  (Id. at 69:3-70:9; 116:4-117:7.)  Plaintiff waited several weeks after submitting his application and ultimately called Hudson, who told him "we wanted somebody that just got out of truck school." (Id. at 73:1-4.)  Subsequently, in 2012, Hudson told plaintiff "we hire people your age or we got them your age."  (Id. at 74:17-18.)

On June 23, 2012, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  (ECF No. 41-4 at 84:3-5.)  The EEOC investigator concluded that, although plaintiff belonged to a protected group and defendant had a vacant position, plaintiff had neither applied for the position nor was qualified for the position and defendant did not select a lesser-qualified person outside of plaintiff's group for the position.  (ECF No. 41-3 at 3.) On June 24, 2013, plaintiff, acting pro se, filed a Complaint against defendant, alleging

violations of Title VII of the Civil Rights Act of 1964[2] and the Age Discrimination in

Employment Act of 1967 ("ADEA") for discrimination based on age.  (Compl., ECF No. 1 at 1.)

**II.       Summary Judgment Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine

dispute remains "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is

properly considered "material" only if it might affect the outcome of the case under the

governing law.  Id.  The party moving for summary judgment has the burden of demonstrating

the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v.

Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  On those issues for which the non-moving

party will have the burden of proof, however, it is his or her responsibility to oppose the motion

for summary judgment with affidavits or other admissible evidence specified in Federal Rule of

Civil Procedure 56.  Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16

(4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an

essential element on which that party will bear the burden of proof at trial, summary judgment is

proper.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the

evidence favors the moving or non-moving party, but considers whether a fair-minded jury could

return a verdict for the non-moving party on the evidence presented.  Anderson, 477 U.S. at 252.

In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the

---

[2] Although defendant does not address plaintiff's Title VII claim in its Motion for Summary Judgment, the McDonnell Douglas framework used to evaluate an ADEA claim, as described below, applies equally to plaintiff's Title VII claim.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Accordingly, if summary judgment is appropriate on plaintiff's ADEA claim, it is also appropriate on plaintiff's Title VII claim.

light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Celotex, 477 U.S. at 324.  A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment.  Anderson, 477 U.S. at 252.  Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.  Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001).  Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party.  Anderson, 477 U.S. at 252.

**III.       Age Discrimination Standard**

The Age Discrimination in Employment Act of 1967 prohibits employers from "fail[ing] or refus[ing] to hire…any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  The ADEA protects individuals who are forty years of age or older.  29 U.S.C. § 631(a).  To succeed on an ADEA claim, plaintiffs "must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision."  Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-178 (2009).  To prove age discrimination by direct evidence, such as derogatory statements about age, the plaintiff must demonstrate "some nexus between the alleged discriminatory statements and the defendant's employment decisions which are at issue."  Malina v. Baltimore Gas & Elec. Co., 18 F.Supp.2d 596, 603 (D. Md. 1998).  In the absence of direct evidence of discrimination, a plaintiff's claim is evaluated under the burden-shifting framework created by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Tavernier v. Health Mgmt. Assocs., Inc., 498 Fed.

4

Appx. 349, 350 (4th Cir. 2012).  A plaintiff establishes a <u>prima facie</u> case of discriminatory failure to hire by demonstrating: "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination."  <u>Brown v. McLean</u>, 159 F.3d 898, 902 (4th Cir. 1998).  After the plaintiff establishes a <u>prima facie</u> case, the burden shifts "to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection."  <u>McDonnell Douglas Corp.</u>, 411 U.S. at 802.  If the defendant offers a nondiscriminatory reason for its actions, the burden returns to the plaintiff "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  <u>Tex. Dept. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).

## IV.      <u>Discussion</u>

Defendant moves for summary judgment, arguing that plaintiff has not offered direct evidence of age discrimination.  (ECF No. 41-1 at 10.)  Additionally, defendant argues that plaintiff cannot establish a <u>prima facie</u> case of discriminatory failure to hire based on age because plaintiff has not offered evidence that he applied for the position, that he was qualified for the position, or that defendant rejected him for reasons giving rise to an inference of unlawful discrimination.  (<u>Id.</u> at 11.)  Even if plaintiff were to prove a <u>prima facie</u> case, defendant argues that it had a legitimate, non-discriminatory reason for declining to hire plaintiff and plaintiff cannot demonstrate that defendant's reasons for not hiring plaintiff are a pretext for discrimination.  (<u>Id.</u> at 16-19.)  Plaintiff maintains that summary judgment is inappropriate because material facts are in dispute regarding plaintiff's qualifications, defendant's receipt of

plaintiff's application, defendant's preferred qualifications, defendant's knowledge of plaintiff's age, and defendant's reason for not selecting plaintiff.  (ECF No. 43 at 3-8.)[3]

The only direct evidence plaintiff offers relevant to age is two statements made by defendant's employee, Anthony Hudson.  First, plaintiff states that Hudson told plaintiff in 2012 that "we hire people your age or we got them your age or something, you know, like that."  (ECF No. 41-4 at 74:17-18.)  This statement is not evidence of age discrimination; it is, at best, a statement that defendant does indeed have employees similar in age to plaintiff.  Second, plaintiff alleges that Hudson told him "we wanted somebody that just got out of truck school." (ECF No. 41-4 at 73:3-4.)  Although defendant challenges the veracity of this statement (ECF No. 42-1 at ¶ 10), such a hiring preference is permissible and does not, by itself, constitute unlawful age discrimination.  See Arafat v. Sch. Bd. of Broward Cnty., 549 Fed. Appx. 872, 875 (11th Cir. 2013) (hiring recent graduates is permissible under the ADEA because "the bare fact that an employer encourages employment of recent college and technical school graduates does not constitute unlawful age discrimination") (internal citations omitted).  Accordingly, plaintiff has not offered direct evidence of age discrimination.

Without direct evidence of age discrimination, plaintiff must prove his ADEA claim by circumstantial evidence, meeting the elements of the McDonnell Douglas framework.  The first element of that framework, membership in a protected group, is clearly satisfied as plaintiff, at age sixty-eight at the relevant time, was a member of the class protected by the ADEA.  (ECF No. 41-4 at 6:4-5.)

As to the second element, that he applied for the position in question, plaintiff maintains that he applied for a yard jockey position with defendant by both mailing and faxing

---

[3] Plaintiff also argues that the EEOC Memorandum attached to defendant's Motion as Exhibit C should be disregarded because it was not properly produced to plaintiff during discovery nor has it been authenticated under the Federal Rules of Civil Procedure.  (ECF No. 43 at 1-2.)  I have not herein considered the EEOC Memorandum.

applications.  (ECF No. 61:4-14; 69:3-70:9; 116:4-117:7.)  Defendant maintains that it has no

record of plaintiff's application.  (ECF No. 42-1 at ¶¶ 16-7.)  Plaintiff's mere assertion that he

applied for the position is insufficient to create a genuine dispute of material fact on this issue.

In the absence of any evidence that plaintiff applied for a position, the court may infer that the

plaintiff did not apply for the position.  E.E.O.C. v. Trans World Airlines, Inc., 544 F.Supp.

1187, 1225 (S.D.N.Y. 1982) (finding that the court may infer the plaintiff did not apply for a

position in the absence of a letter acknowledging his application).  Without further evidence,

self-serving testimony is insufficient to defeat summary judgment.  Engler v. Harris Corp., 11-

cv-3597, 2014 WL 1370320, at *8 n. 1 (D. Md. Apr. 7, 2014) ("'[S]elf-serving affidavit[s are]

not enough to defeat [Defendant's] motion for summary judgment.'" (citing Nat'l Enters., Inc. v.

Barnes, 201 F.3d 331, 335 (4th Cir. 2000))).

     Plaintiff offers no evidentiary support for his assertion that he applied for defendant's

yard jockey position.  He does not possess copies of the submitted applications, receipts of his

submissions through the postal service or via fax, or confirmation from defendant of receipt of

his applications.  (ECF No. 41-4 at 77:15-22; 121:15-122:13.)  Additionally, he provides

conflicting statements as to whether he faxed or mailed the applications and on what date he

submitted the applications.  (ECF No. 41-4 at 116:4-119:5.)  In sum, plaintiff has not created a

genuine dispute of material fact that he applied for the position and, therefore, fails to meet the

second element of the McDonnell Douglas framework.

     Even if there were a dispute of material fact as to whether plaintiff applied for the

position, there is no dispute of material fact as to the third element of the McDonnell Douglas

framework, that plaintiff was qualified for the position.  Defendant's drivers are required to

possess "a valid Class A commercial driver's license and [Department of Transportation]

medical card." (Ex. B[4] to Def.'s Mot., ECF No. 42-1 at ¶ 9.)[5]  Although plaintiff maintains that

he has possessed a Commercial Driver's License from 1999 to the date of his March 2014

deposition, he has not offered any evidence to support that assertion.  (ECF No. 41-4 at 42:3-8;

43:5-10.)   Nor has plaintiff offered any documentation to demonstrate that he possessed a

Department of Transportation medical card during the relevant period in 2011.  (Id. at 77:15-22.)

Instead, he offers his Medical Examination Report for Commercial Driver Fitness Determination

from January 2013.  (Ex. 2 of Pl.'s Opp, ECF No. 43-2.)  This medical report, from almost two

years after the relevant period, does not address the issue of whether plaintiff possessed the

required medical card in 2011 when he allegedly applied for the job at issue.  Plaintiff's bald

assertions that he possessed a Class A commercial driver's license and Department of

Transportation medical card are insufficient to create a dispute of material fact as to plaintiff's

qualifications for the position.  (ECF No. 41-4 at 42:3-8; 48:15-49:5.)[6]

---

[4] Plaintiff objects to the court's consideration of the Affidavit of Laura Hauser Simon (ECF No. 42-1) because it was not filed by the summary judgment deadline.  (ECF No. 43 at 9-10.)  Defendant inadvertently omitted this exhibit and promptly filed it two days after the summary judgment deadline.  (ECF No. 42.)  As defendant notes, plaintiff could have sought additional time to respond to defendant's Motion rather than alleging defendant's Motion lacks supporting evidence and seeking to exclude the affidavit in its entirety.  (ECF No. 44 at 13.)  The court has the discretion to consider untimely evidence.  Thomas v. Harvey, 381 Fed. Appx. 542, 546 (6th Cir. 2010).  Under the circumstances, the court concludes that it is appropriate to consider the Affidavit of Laura Hauser Simon. (ECF No. 42-1.)

[5] In addition, defendant generally prefers to hire drivers with two years of driving experience.  (Id. at ¶ 10.)  Although plaintiff has provided conflicting statements about his work experience, viewing the evidence in the light most favorable to him, it is apparent that plaintiff has two years of prior work experience.  Compare ECF No. 41-4 at 16:12-22 (stating that he worked for Rodder at two different facilities for a collective period of ten years); with ECF No. 41-4 at 26:1-8 (stating that he worked for Rodder for four years.)  Nonetheless, there is no dispute of material fact as to the third element of the McDonnell Douglas framework, because plaintiff has failed to establish that he possessed the two required qualifications for the position.

[6] Because plaintiff has failed to establish the second and third elements of the McDonnell Douglas framework, the court need not address the fourth element.  As to the fourth element, plaintiff argues that defendant rejected him under circumstances that give rise to an inference of unlawful discrimination due to the age difference between plaintiff and defendant's recently hired employees.  As defendant points out, however, four of the six individuals hired between November 2011 and March 2012 were over the age of forty, with two of those individuals being fifty-eight and sixty.  (ECF No. 42-1 at ¶¶ 20-26.)  Therefore, the age difference between plaintiff and defendant's new hire that was closest in age to plaintiff was eight years.  "[T]he fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."  O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996).  The

Assuming <u>arguendo</u> that plaintiff could establish a <u>prima facie</u> case of age discrimination, defendant has offered a legitimate, non-discriminatory reason for declining to hire plaintiff.  As an initial matter, defendant maintains that it did not consider plaintiff for employment because it never received an application from plaintiff.  (ECF No. 41-1 at 17; ECF No. 42-1 at ¶ 17.)  Even if the court were to assume that defendant received plaintiff's application, defendant asserts that it had legitimate, non-discriminatory reasons for not hiring plaintiff.  As defendant notes, and supports with documentary evidence, the six individuals hired between November 2011 and March 2012 had superior qualifications to plaintiff.  (ECF No. 42-1 at ¶¶ 20-26.)  Each of the hired individuals had a valid medical card and had recent driving experience dating from 2007 (or earlier) up to and including 2011.  (<u>Id.</u>)  Conversely, plaintiff has not offered evidence that he possessed a Commercial Driver's License or a valid medical card.  Further, plaintiff's most recent work experience was, at best, in 2009.  (ECF No. 41-4 at 34:17-35:13; 43:5-10.)  Defendant has established that it had legitimate, non-discriminatory reasons for not hiring plaintiff.  (ECF No. 42-1 at ¶¶ 20-26.)

Accordingly, the burden shifts to plaintiff to establish that defendant's proffered reasons for not hiring plaintiff are a pretext for discrimination.  <u>See Tex. Dept. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).  Plaintiff can prove that defendant's actions are a pretext "either by showing that [defendant's] explanation is 'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of age discrimination." <u>Mereish v. Walker</u>, 359 F.3d 330, 336 (4th Cir. 2004) (internal citations omitted).  "[T]he plaintiff bears the ultimate burden of proving intentional discrimination by showing that the defendant's explanation is mere pretext." <u>Malina v. Baltimore Gas & Elec. Co.</u>, 18 F.Supp.2d 596, 608 (D.

---

court cannot conclude on these facts that there is a genuine issue of material fact that those hired by defendant were "substantially younger" than plaintiff.

Md. 1998).  Plaintiff has not offered any evidence to demonstrate defendant's reasons for not hiring plaintiff are a pretext for age discrimination.  Plaintiff again relies on the two statements made by defendant discussed above to establish pretext.  (ECF No. 43 at 18-19.)  Just as the court concluded that those statements do not constitute direct evidence of age discrimination, they do not establish that defendant's proffered reasons for not hiring plaintiff are a pretext for discrimination.

**V.**      **<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion for Summary Judgment (ECF No. 41) is GRANTED.  A separate order will be issued.

Date:   <u>10/21/14</u>                                <u>         /s/                        </u>
                                                                            Beth P. Gesner
                                                                            United States Magistrate Judge